DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Larry D. Sullivan, appeals from the sentence imposed by the Summit County Court of Common Pleas. We reverse.
On October 14, 1998, Mr. Sullivan was indicted on two counts of nonsupport of dependents, in violation of 2919.21(A)(2), each a fourth degree felony. The indictments alleged that Mr. Sullivan had failed to pay child support for his two children, Larry and Steven Sullivan, since August 2, 1982. The arrearages exceeded $102,000 at the time of Mr. Sullivan's indictment.
Initially, Mr. Sullivan pleaded not guilty, but he then retracted his not guilty plea and pleaded guilty to both counts on November 25, 1998. His guilty plea specified that the crimes occurred after July 1, 1996. The trial court accepted his guilty plea and convicted him on both counts of nonsupport of dependants. On December 23, 1998, the trial court held Mr. Sullivan's sentencing hearing. The trial court reviewed Mr. Sullivan's prior convictions and history of nonsupport. The trial court then sentenced Mr. Sullivan to eight months in prison for each count, to run consecutively. This appeal followed.
Mr. Sullivan asserts one assignment of error:
 THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WHICH ARE CONTRARY TO LAW DUE TO THE LACK OF REQUIRED FINDINGS.
Mr. Sullivan asserts that the trial court did not make the statutorily required findings when it sentenced him to consecutive terms of imprisonment. Moreover, he asserts that the trial court's statements at the sentencing hearing and in the journal entry, stating the trial court's decision and reasoning, were insufficient to fulfill the statutorily required findings. We agree.
Our standard of review is controlled by R.C. 2953.08(G)(1), requiring us to determine if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is that "`which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 governs the imposition of prison terms for felony convictions, stating, in relevant part:
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offences was so great or unusual that no single prison term for any of the offences committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
"[T]he verb `finds' as used in this statute means that the court must note that it engaged in the analysis and that [the sentence was imposed] for at least one of the [enumerated] sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. Moreover, if a court imposes consecutive sentences under R.C.2929.14(E)(4), the court "shall make a finding that gives its reasons for selecting the sentence imposed[.]" R.C.2929.19(B)(2)(c).
The trial court no matter how justifiably did not comply with the statutory requirements as interpreted by the Ohio Supreme Court in Edmonson at the hearing and in its judgment entry. At the sentencing hearing, the trial court stated that:
 In summary, you have made 18 payments in 16 years. Your last payment was in '94. So, these are F-4's. I looked at prison for F-4's and 5's. You have previously served a prison term out of [sic] Virginia.
 The more serious factor is that you have not been supporting your biologic [sic] sons, and they of course have suffered psychological and economic harm by your failures, obviously the relationship with the sons.
 Recidivism is more likely. You have an adult record, you have a juvenile record, and I think quite frankly that this whole thing in four states has been a joke to you. I don't think you have any intention of supporting [your sons.]
Moreover, the trial court found that Mr. Sullivan had "told judges in four states [that he was] going to do something, [that he was] going to support [his sons]," and that he had failed to do so.
The trial court made specific factual findings, citing recidivism, Mr. Sullivan's past criminal conduct, and Mr. Sullivan's disregard for past court orders as reasons for imposing consecutive sentences. However, the trial court did not explicitly state that it engaged in the analysis of whether the consecutive sentences were "disproportionate to the seriousness of the offender's conduct[.]" R.C. 2929.14(E)(4). Furthermore, the trial court also did not indicate that it imposed the prison sentences consecutively after analyzing whether the sentences were "necessary to protect the public from future crime or to punish the offender[.]" R.C. 2929.14(E)(4). Unfortunately, in light ofEdmonson we are forced to conclude that the trial court's findings do not comport with the required findings under R.C.2929.14(E)(4) because the trial court did not "note that it engaged in the analysis[.]" Edmonson, 86 Ohio St.3d at 326.
Mr. Sullivan's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
BAIRD, P.J. and SLABY, J. CONCUR